**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Sergio Ernesto Garcia,

Petitioner,

v.

B. Eischen,

Respondent.

Civ. No. 22-444 (SRN/BRT)

**REPORT AND RECOMMENDATION**

---

Sergio Ernesto Garcia, *pro se* Petitioner.

Ana H. Voss, Esq., Adam J. Hoskins, Esq., United States Attorney's Office, counsel for Respondent.

---

BECKY R. THORSON, United States Magistrate Judge.

Petitioner Sergio Ernesto Garcia is an inmate currently serving a 70-month term of imprisonment, followed by a 2-year term of supervision, for Conspiracy to Commit Mail Fraud. (*See* Doc. No. 7, Declaration of Kyja Winger ("Winger Decl.") ¶ 17, Ex. D. at 2.) On February 16, 2022, Garcia filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the Federal Bureau of Prison's ("BOP") decision denying his transfer to home confinement under the CARES Act. (*See generally* Pet.) Respondent filed a response on March 28, 2022, arguing that the Court lacks jurisdiction to review the BOP's home confinement decision. (Doc. No. 6.) For the reasons set forth below, this Court recommends that Garcia's Petition be dismissed.

## I. The CARES Act

On January 3, 2020, Congress enacted the CARES Act. *See* Pub. L. No. 116-136. Section 12003(b)(2) of the CARES Act modified the BOP's authority under 18 U.S.C. § 3624(c)(2) to place a prisoner in home confinement by allowing the BOP to lengthen the maximum amount of time that a prisoner could be held in home confinement[1]:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

Accordingly, then-Attorney General William Barr issued directives on March 26, 2020 and April 3, 2020 for the BOP to review all inmates with COVID-19 risk factors as described by the Centers for Disease Control and Prevention ("CDC") to determine which inmates are suitable for home confinement. (Winger Decl. ¶¶ 2–12; Exs. A–B.) As of April 13, 2021, the BOP considered the totality of circumstances for each individual inmate and a non-exhaustive list of discretionary factors to ensure an inmate is suitable for home confinement:

> (a) Reviewing the inmate's institutional discipline history for the last twelve months (inmates who have received a 300 or 400 series incident report in the past 12 months may be referred for placement on home confinement, if in the Warden's judgement such placement does not create an undue risk to the community);
>
> (b) Ensuring the inmate has a verifiable release plan;

1 For background, 18 U.S.C. § 3624(c)(2) allows the BOP to transfer a prisoner to home confinement for the shorter of (a) ten percent of the term of imprisonment of that prisoner or (b) six months.

(c) Verifying the inmate's current or a prior offense is not violent, a sex offense, or terrorism-related;

(d) Confirming the inmate does not have a current detainer;

(e) Ensuring the inmate is Low or Minimum security;

(f) Ensuring the inmate has a Low or Minimum PATTERN[2] recidivism risk score;

(g) Ensuring the inmate has not engaged in violent or gang-related activity while incarcerated (must be reviewed by the Special Investigative Supervisor);

(h) Reviewing the COVID-19 vulnerability of the inmate, in accordance with CDC guidelines; and

(i) Confirming the inmate has served 50 percent or more of the individual's sentence; or has 18 months or less remaining on their sentence and has served 25 percent or more of the sentence.

(Winger Decl. ¶ 14; Ex. C.) The BOP considered Garcia's suitability for home confinement and determined that he did not qualify for CARES Act home confinement because (1) he has not served 50 percent of his sentence; (2) he does not have clear conduct for the previous 12 months; and (3) he has a past violent conviction for robbery in 1985. (Winger Decl. ¶ 18.)

## II. ANALYSIS

In his Petition, Garcia challenges the BOP's decision denying his transfer to home confinement under the CARES Act on the basis of an offense that occurred when he was

---

2 PATTERN stands for Prisoner Assessment Tool Targeting Estimated Risk and Need, a tool which measures an inmate's propensity to reoffend. (*See* Doc. No. 6 at 17–18 (citing U.S. Dep't of Justice, "The First Step Act of 2018: Risk and Needs Assessment System.").)

a minor and a "non-participant" in the crime and cites another inmate who "had actual assault and violent acts on others" but was "not determined as violent by the BOP." (Pet. at 2, 6–7.) Additionally, Garcia claims he should qualify for home confinement under the CARES Act because, with the addition of his First Step Act time credits, he has completed more than 50% of his sentence and thus met one of the BOP's defined criteria. (Pet. 8.) He requests "release via the CARES Act to Home confinement." (*Id.* at 8.) Respondent requests that the Court dismiss the petition because the Court lacks jurisdiction to review the BOP's home confinement placement decision.

Courts in this District have continually held that the BOP has exclusive authority to determine the placement of prisoners. *See, e.g.*, *Machipiness v. B. Birkholz*, No. 21-CV-1668 (JRT/ECW), 2021 WL 8363203, at *6 (D. Minn. Dec. 6, 2021), *report and recommendation adopted sub nom.*, 2022 WL 1284772 (D. Minn. Apr. 29, 2022); *Williams v. Birkholz*, No. 20-CV-2190 (ECT/LIB), 2021 WL 4155614, at *3 (D. Minn. July 20, 2021), *report and recommendation adopted*, 2021 WL 4155013 (D. Minn. Sept. 13, 2021); *United States v. James*, 15-CR-255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020). "[I]t is the BOP—not the courts—who decides whether home detention is appropriate." *Williams*, 2021 WL 4155614, at *3. "Moreover, Courts have consistently held that placement questions are not reviewable." *United States v. Vang*, No. 16-CR-277 (DWF/KMM), 2020 WL 4704875, at *2 (D. Minn. Aug. 13, 2020) (collecting cases). "It is also well established that prisoners do not have a constitutional right to placement in a particular facility or place of confinement." *James*, 2020 WL 1922568, at *2 (collecting cases). "Home confinement is a place of confinement." *Id.*

(citing 18 U.S.C. § 3624(c)). "[B]ecuase release to home confinement is a placement decision, the Court finds that it is solely within the BOP's discretion to dictate." *Vang*, 2020 WL 4704875, at *3 (citing 18 U.S.C. 3624(c)). Garcia's First Step Act credits do not change the BOP's discretion. *See James*, 2020 WL 1922568, at *2 (holding that even under the First Step Act, the authority to place a prisoner in home confinement still remains with the BOP); *Brown v. Kallis*, No. 21-CV-920 (PJS/ECW), 2022 WL 1652933, at *10 (D. Minn. Apr. 21, 2022) ("Courts in this District have held that the BOP has exclusive authority to determine the placement of prisoners. And neither the CARES Act nor the FSA alters this authority.") (quotations omitted), *report and recommendation adopted*, 2022 WL 1645666 (D. Minn. May 24, 2022). And even if Garcia were to be considered eligible for the BOP to apply his time credits under the First Step Act (as he argues under Ground Four of his Petition), such application would not change the BOP's discretionary authority to transfer him to home confinement under the CARES Act. Nor would it change the fact that Garcia would still be disqualified for CARES Act home confinement because Garcia does not have clear conduct in the past twelve months and has a past violent conviction for robbery. (*See* Winger Decl. ¶ 18, Ex. A at 1–2, Ex. B at 1–2, Ex. C at 1–2.) Thus, Garcia's challenge to the BOP's CARES Act decision is not reviewable by this Court. *See Williams*, 2021 WL 4155614, at *3.[3]

[3] Although judicial review of BOP discretionary decisions such as placement decisions is generally precluded, "judicial review is not precluded for any allegations that the BOP's action is contrary to established federal law, violates the Constitution, or exceeds statutory authority." *Williams*, 2021 WL 4155614, at n.4. However, Garcia does not raise any such challenges in his Petition but merely disagrees with the BOP's decision not to grant him home confinement. *See Machipiness*, 2021 WL 8363203, at n.7

Additionally, Garcia use of a habeas corpus petition is not the proper vehicle here. A habeas petitioner under § 2241 can only challenge the fact or duration of confinement. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996). Garcia challenges the BOP's decision to deny him home confinement. He does not challenge the fact or duration of his confinement. *See United States v. Houck*, No. 20-CV-2216, 2021 WL 2655056, at *3 (8th Cir. June 29, 2021) (discussing home confinement as a place of imprisonment); *see also Williams*, 2021 WL 4155614, at *6 ("Home confinement is considered a place of confinement or imprisonment . . . Being transferred to home confinement is not a 'release' for incarceration."). Because Garcia's claims do not challenge "the fact or duration of his custody—that is, the legality of his detention, a writ of habeas corpus is not the correct remedy for the alleged violation of his rights." *Jorgensen v. Birkholz*, No. 20-CV-2349 (NEB/DTS), 2021 WL 2935641, at *1 (D. Minn. July 13, 2021) (citing *Kruger*, 77 F.3d at 1073 and *Spencer*, 774 F.3d at 470). Accordingly, dismissal without prejudice of Garcia's Petition is also warranted for lack of subject matter jurisdiction.[4]

---

(acknowledging that the Court has jurisdiction to address Petitioner's claims that the BOP violated his constitutional rights and specific federal statutes, but that "to the extent that [the petitioner] merely disagrees with the FBOP's decision not to grant him home confinement, this Court lacks jurisdiction over that claim").

[4] The Eighth Circuit's has directed courts, when confronted with a pro se conditions-of-confinement-based habeas petition such as here, to construe filings liberally and provide petitioners with the option recharacterize their claims and convert their actions to a civil rights action. *See Collins v. U.S.A.*, No. 21-CV-429 (WMW/DTS), 2021 WL 5042709, at *7 (D. Minn. July 30, 2021) (citing *Spencer*, 774 F.3d at 471), *report and recommendation adopted*, 2021 WL 5042080 (D. Minn. Oct. 29, 2021). Such action would not be appropriate here because even if Garcia were given the option to

In sum, because the BOP's CARES Act decision is unreviewable by this Court and this Court lacks jurisdiction, this Court recommends that Garcia's habeas corpus petition be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for Writ of Habeas Corpus pursuant to § 2241 (Doc. No. 1) be **DENIED**; and

2. This matter be **DISMISSED WITHOUT PREJUDICE**.

Date: August 16, 2022

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within **14 days** after being served a copy" of the Report and Recommendation. A party may respond to those objections within **14 days** after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

recharacterize his claim, it would still remain unreviewable as the BOP has exclusive authority to determine the placement of prisoners. *See Williams*, 2021 WL 4155614, at *3.